IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  5:19cr8/MCR/HTC
             5:20cv276/MCR/HTC

JOSHUA JACKS

---

# REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Joshua Jacks' *pro se* Motion to Vacate Judgment Under 28 U.S.C. § 2255.  ECF Doc. 41.  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After review of the record, the undersigned recommends that the motion be summarily dismissed as untimely.[1]

Jacks pleaded guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (ECF Docs. 22-27), and on June 13, 2019, the district court sentenced him to a term of 60 months' imprisonment.  ECF Doc. 35.  Judgment was entered on July 3, 2019 (ECF Docs.

---

[1] Although Jacks did not file the motion on this Court's required forms, *see* Fla. N.D. Loc. R. 5.7(A), given the undersigned's finding that the motion is untimely, requiring Jacks to file an amended motion on this Court's forms would be futile.

36, 37), and Jacks did not appeal. He filed nothing further until filing the instant motion to vacate on September 29, 2020.[2]

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned finds that the only applicable trigger date is the date on which the judgment of conviction becomes final. With respect to § 2255(f)(1), if a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed.R.App.P. 4(b)(1)(A)(i);

---

[2] A *pro se* inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

Case Nos.: 5:19cr8/MCR/HTC; 5:20cv276/MCR/HTC

*Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("we have concluded that when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"). Jacks did not appeal the judgment; thus, to comply with the limitations period in § 2255(f)(1), Jacks must have filed his motion to vacate on or before July 17, 2020. As stated above, Jacks did not file his motion until September 29, 2020. Thus, the motion is untimely and it should be dismissed.[3]

---

[3] As an additional matter, the undersigned also finds that Jacks' motion fails on its merits. Jacks has asserted one ground for relief based on the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019). In *Rehaif* the Court held that the word "knowingly" in 18 U.S.C. § 924(a)(2) modifies both the status and possession element, meaning the Government must prove the defendant both knowingly possessed the firearm and knew he was in a class of persons barred from possessing a firearm. Jacks claims his indictment was defective because it did not allege the "knowledge of status" element. A *Rehaif* defect in an indictment does not result in a lack of subject matter jurisdiction, *United States v. Moore*, 954 F. 3d 1322, 1332 (11th Cir. 2020), and a *Rehaif* error is a non-jurisdictional defect that is waived by a guilty plea. *United States v. Bates*, 960 F. 3d 1278, 1295 (11th Cir. 2020). Furthermore, given Jacks' criminal history, there is no reasonable probability he could have shown that "but for the error, the outcome of the proceeding would have been different." *Moore*, 954 F. 3d at 1337 (quoting *Molina-Martinez v. United States*, ___ U.S. ___, 136 S. Ct. 1338, 1343 (2016)). Jacks served at least 15 months in the Florida Department of Corrections after violating his probation on Domestic/Felony Battery by Strangulation (*see* ECF Doc. 33, PSR ¶ 39), and he admitted to law enforcement at the time of his arrest that "he was not supposed to have the weapon" (PSR ¶ 14). Finally, the undersigned notes Jacks cannot rely on *Rehaif* to excuse the untimeliness of his motion under § 2255(f)(3). *Rehaif* did not announce a new rule of constitutional law, and even if it did, the new rule applies only prospectively to future cases. *In re Wright*, 942 F. 3d 1063, 1065 (11th Cir. 2019). More significantly, *Rehaif* was decided on June 21, 2019, and Jacks' motion was not filed until September 29, 2020.

Case Nos.: 5:19cr8/MCR/HTC; 5:20cv276/MCR/HTC

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 5:19cr8/MCR/HTC; 5:20cv276/MCR/HTC

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Motion to Vacate Judgement Under 28 U.S.C. § 2255 (ECF Doc. 41) be DENIED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 27th day of October, 2020.


s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** **An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 5:19cr8/MCR/HTC; 5:20cv276/MCR/HTC